UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO POWELL and
LASHONDA POWELL,

        Plaintiffs,

v

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

Case No. 2:15-cv-13342
Hon. David M. Lawson

Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **JOSEPH MILANOWSKI (P47335)** | **CARY R. BERLIN (P64122)** |
| **AMY L. DIVINEY (P77164)** | **PAUL H. JOHNSON, JR. (P26871)** |
| **MELAMED, DAILEY, LEVITT &** | **PATRICK, JOHNSON & MOTT, P.C.** |
| **MILANOWSKI, P.C.** | Attorneys for Defendant |
| Attorneys for Plaintiffs | 27777 Franklin Road, Suite 1400 |
| 26611 Woodward Avenue | Southfield, Michigan 48034 |
| Huntington Woods, Michigan 48070 | (248) 356-8590 |
| (248) 591-5000 | cberlin@pjmpc.com |
| joemilanowski@mdlm-pc.com | |

## STATE FARM'S MOTION IN LIMINE TO PRECLUDE LT. SCOTT ALLEN FROM TESTIFYING AS THE ORIGIN OR CAUSE OF THE APRIL 15, 2014 FIRE AT THE BRADY STREET PROPERTY AND FOR OTHER RELIEF

For the reasons stated in the attached brief, the Defendant, State Farm Fire and Casualty Company ("State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., respectfully requests this Honorable Court to enter an Order precluding Lieutenant Scott Allen from offering any opinion testimony as to the origin and cause of the fire, and striking all references from the fire incident report that the fire was electrical in nature and/or that arson was not suspected.

Pursuant to LR 7.1, there was a conference between the attorneys in which State Farm explained the nature of the motion and its legal basis, and requested, but did not obtain concurrence in the relief sought.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
27777 Franklin Road, Suite 1400
Southfield, Michigan 48034
(248) 356-8590
cberlin@pjmpc.com
P64122

Date: August 29, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO POWELL and
LASHONDA POWELL,

                                  Case No. 2:15-cv-13342

      Plaintiffs,                        Hon. David M. Lawson

v                                        Magistrate Judge Mona K. Majzoub

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant.

---

| **JOSEPH MILANOWSKI (P47335)** | **CARY R. BERLIN (P64122)** |
|---|---|
| **AMY L. DIVINEY (P77164)** | **PAUL H. JOHNSON, JR. (P26871)** |
| **MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C.** | **PATRICK, JOHNSON & MOTT, P.C.** |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 26611 Woodward Avenue | 27777 Franklin Road, Suite 1400 |
| Huntington Woods, Michigan 48070 | Southfield, Michigan 48034 |
| (248) 591-5000 | (248) 356-8590 |
| joemilanowski@mdlm-pc.com | cberlin@pjmpc.com |

---

## BRIEF IN SUPPORT OF
## STATE FARM'S MOTION IN LIMINE TO PRECLUDE LT. SCOTT ALLEN FROM TESTIFYING AS THE ORIGIN OR CAUSE OF THE APRIL 15, 2014 FIRE AT THE BRADY STREET PROPERTY AND FOR OTHER RELIEF

## <u>TABLE OF CONTENTS</u>

Statement of Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Index of Cited Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Background/Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Law and Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       I.     Lt. Allen Cannot Provide Opinion Testimony in this Matter, as he is Not Qualified to do so, and Because his "Opinions" Are Not permitted by FRE 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      II.    Lt. Allen's Testimony Would be Needlessly Cumulative to the Testimony of the Plaintiffs' Properly Named Expert Witnesses. . . . . . . . . . . . . 11

Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## STATEMENT OF ISSUE PRESENTED

I.      Can Lt. Allen  Provide Opinion Testimony in this
        Matter?

II.     Would  Lt.  Allen's  Testimony  be Needlessly
        Cumulative?

## INDEX OF CITED CASES

**Cases**                                                                    **Pages**

*Brooks v. Caterpillar Glob. Mining Am.*, LLC,
2016 U.S. Dist. LEXIS 6843, at *16 (W.D. Ky. Jan. 20, 2016). . . . . . . . . . . . . . . . . . . . . . . . . 11

*City of Owensboro v. Kentucky Utilities Co.*,
2008 U.S. Dist. LEXIS 81945, 2008 WL 4642262 (W.D. Ky. Oct. 14, 2008). . . . . . . . . . . . . . . 7

*Daubert v. Merrell Dow Pharms.*,
509 U.S. 579; 113 S. Ct. 2786 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Frausto v. Cooper Tire & Rubber Co.*,
2014 U.S. Dist. LEXIS 95973, 2014 WL 3496767 (M.D. Tenn. July 10, 2014).. . . . . . . . . . . . . 8

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136, 143; 118 S. Ct. 512 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Heritage Mut. Ins. Co. v. Reck*,
127 F. App'x 194, 199 (6th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mills v. Riggsbee*,
2014 U.S. Dist. LEXIS 37138, 2014 WL 1168726 (E.D. Ky. Mar. 21, 2014). . . . . . . . . . . . . . . 7

*Tran v. Toyota Motor Corp.*,
420 F.3d 1310, 1315 (11th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Troyer v. T.John.E. Prods, Inc.*,
526 F. App'x 522, 526 (6th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Kilpatrick*,
798 F.3d 365 (6th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. White*,
492 F.3d 380, 401 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Walker ex rel. his Court Appointed Curator v. United Healthcare of Hardin, Inc.*,
2010 U.S. Dist. LEXIS 79749, 2010 WL 3092648, *1 (W.D. Ky. Aug. 6, 2010). . . . . . . . . . . . 11

*Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*,
No. 14-cv-12488; 2016 U.S. Dist. LEXIS 100127 (E.D. Mich. Aug. 1, 2016). . . . . . . . . 5, 6, 9, 10

**Federal Rules of Civil Procedure**                                              **Pages**

Fed. R. Civ. P. 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Evid. 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 10

Fed. R. Evid. 701(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Evid. 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 10

Fed. R. Evid. 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


**Other Authority**                                                                **Pages**

National Fire Protection Association,
Certified Fire Inspector I (CFI), Certifications, available at:
http://www.nfpa.org/training-and-events/by-type/certifications/certified-fire-inspector-i. . . . 9-10

## BACKGROUND/SUMMARY OF ARGUMENT

This case involves a fire which occurred on April 15, 2014 at the residential property located at 9995 Brady Street, Redford, Michigan. At the time of the fire, the Brady Street property was insured under a homeowners policy issued by the Defendant, State Farm Fire and Casualty Company ("State Farm"), which insured the Plaintiffs interest in the Brady Street property, subject to all terms, conditions and exclusions contained therein.

This litigation ensued after State Farm formally denied liability to the Plaintiffs under various policy exclusions, including the intentional acts exclusion of the policy, based upon its belief that the April 15, 2014 fire was intentionally set by the Plaintiffs, and/or that the fire was set at their direction, and/or with their knowledge and consent for the purpose of obtaining insurance benefits. Specifically, State Farm's origin and cause expert, David Stayer, concluded that the fire was the result of an intentional human act, while electrical engineer, Thomas Pawlyn, concluded that the electrical system in the house did not cause the fire. (Expert Reports of Stayer and Pawlyn, **Exhibit "A"**).

The Plaintiffs have retained their own experts, who dispute the findings of Messrs. Stayer and Pawlyn. Specifically, Robert Trenkle will testify that the cause of the fire cannot be determined based on the physical evidence, while Michael Mathews will testify that an electrical event cannot be eliminated as a potential cause of the April 15, 2014 fire (Expert Reports of Trenkle and Mathews, **Exhibit "B"**).

The Redford Township Fire Department responded to the April 15, 2014 fire, and Lt. Scott Allen authored an incident report following the suppression activities. (**Exhibit "C"**). In his report, Lt. Allen mentioned observing a lot of arcing, and reported that the fire "appeared to have started

1

around the breaker box." (**Id**. at p. 3). The report concludes that, "[A]s there was no evidence of arson at this time the structure was turned back over to the owner and remaining units cleared to quarters." (**Id**.).

During discovery in this case, Lt. Allen testified:

> Q.    Do you recall how you determined that [the fire was electrical]?
> A.    From all appearances, it was electrical in nature. We were in a basement, it was -- didn't have, as I recall, a lot of finishes in it, and it was around the electrical box, the breaker box, and I think there was maybe a bathroom at that location, and it was within that, and we did have some arcing when water was sprayed in the area.
>
> Q.    What would arcing when water was sprayed indicate?
> A.    That there's electricity exposed, electrical wires were exposed, for whatever reason. Whether or not it was insulation that was burned off as a course of the fire -- it's a chicken or the egg thing.
>
> Q.    And that was around the circuit breaker box?
> A.    Correct. **(Exhibit "D"** at pp. 14:25-15:14).

However, Lt. Allen also admitted that he does not have training to determine the origin or cause of fires. Specifically, he testified that:

> Q.    **Have you taken any fire investigation training courses**?
> A.    **No**.
>
> Q.    What type of training did you receive to become a firefighter?
> A.    Fire suppression and at the time I was hired I was required to be a basic EMT.
>
> Q.    Did you have to attend a fire academy or anything like that?
> A.    That's one way of getting your fire suppression credentials; not the way I did it. I was a paid on-call guy before I started here and I did my training with the department internally over a longer period of time.

Q.      Okay. Where did you receive that training?
A.      City of Northville Fire Department is who I was employed by as a paid on-call.

Q.      That was prior to being employed by the City of Redford?
A.      Correct, yes.

Q.      Have you been employed by any other city or municipality for their fire department?
A.      No.

Q.      **Are you a certified fire investigator**?
A.      **No**. (**Id**. at 10:20-11:19)(emphasis added).

When he was asked to elaborate on the cause of the fire, and whether the wire arcing he saw

was the cause of the fire, or was the result of fire attacking the wires (the "chicken or the egg thing"),

Lt. Allen explained:

A.      With reference to the electrical arcing, when water was applied to it. The basement had no interior finishes such as we see here covering the wiring. The wiring is exposed to the fire, the insulation burns off and it makes it vulnerable when you spray it with water. **Water and electricity don't mix, which is why we got the arcing. Whether or not that was the cause of the fire or subsequent to the fire is what I was referring to**.

Q.      So it's like the chicken and the egg, **you don't know which came first**?
A.      **Correct**. (**Id**. at 32:11-22)(emphasis added).

Finally, Lt. Allen advised that if arson is suspected and/or a fire is suspicious, he would refer

the matter to another person who is qualified to actually investigate and determine the cause of a

suspicious fire, testifying:

Q.      If you presume a fire is suspicious, do you refer it to the fire inspector then for the Redford Township Fire Department?
A.      Yes.

3

> Q.   What is his name?
>
> A.   Well, they have a new one because the one that was on duty --
>       employed then retired same day I did. There was three of us.
>       It was Dave Garland at that time.
>
> Q.   **Is Dave Garland, to your knowledge, certified in origin
>       and cause investigation**?
>
> A.   **Yes**. (**Id**. at 23:20-24:5)(emphasis added).

By his own admission, Lt. Allen is not qualified to render opinion testimony as to the cause of the fire, including whether the fire was the result of an "electrical event." He lacks the specialized training to render such opinions, and admitted he did not attempt to determine whether the arcing he observed was evidence of an electrical cause for the fire, or if the arcing was caused when the fire attacked the wires and breaker box.

Finally, Lt. Allen's proposed testimony and the evidence in the fire report would be needlessly cumulative, as the Plaintiffs' have already retained two experts (who State Farm is not claiming are unqualified) to testify that, in their opinion, it cannot be determined if the fire was the result of an electrical event.  Therefore, Lt. Allen must be precluded from offering any opinion testimony as to the cause of the fire, and the portions of the fire report that state that the fire was electrical in nature and/or that arson is not suspected must be stricken and not shown to the jury.

## STANDARD OF REVIEW

A trial court's decision whether or not to admit expert testimony pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579; 113 S. Ct. 2786 (1993) is reviewed under an abuse of discretion standard. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143; 118 S. Ct. 512 (1997). Similarly, the decision to admit or exclude lay opinion testimony is reviewed under an abuse of discretion standard. *Troyer v. T.John.E. Prods, Inc.*, 526 F. App'x 522, 526 (6th Cir. 2013).

4

## LAW AND ARGUMENT

**I.**     **Lt. Allen Cannot Provide Opinion Testimony in this Matter, as he is Not Qualified to do so, and Because his "Opinions" Are Not permitted by FRE 701**.

The Plaintiffs have not named Lt. Allen as an expert witness in this matter (See Plaintiff's Rule 26(a)(3) Disclosures, Docket No. 37; Pg ID 1561), and based on the above, he is not qualified to render an expert opinion as to the cause of the April 15, 2014 fire. See FRE 702. Rather, it appears the Plaintiffs intend to offer Lt. Scott's testimony regarding the cause of the April 15, 2014 fire as opinion testimony from a lay witness. However, such an attempt is not proper in this case based on the scientific knowledge and specialized training required to be able to determine the cause of a fire.

Fed. R. Evid. 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a)    rationally based on the witness's perception;
> (b)    helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c)    not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

As explained by United States District Judge Gerald E. Rosen in *Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.,* No. 14-cv-12488; 2016 U.S. Dist. LEXIS 100127 (E.D. Mich. Aug. 1, 2016)(offered solely as instructive, opinion attached as **Exhibit "E"**):

> Subsection (c) of Rule 701 was added by the 2000 Amendments specifically "to eliminate the risk that the [expert] reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. . . . [T]he amendment also ensures that a party will not evade the expert witness disclosure requirements sent [sic] forth in Fed. R. Civ. P. 26 ... by simply calling an expert witness in the guise of a lay witness." Advisory Committee Note to 2000 Amendments. As explained by the Sixth

5

> Circuit in *United States v. Kilpatrick*, 798 F.3d 365 (6th Cir. 2015), **subsection (c) of Rule 701 is designed to "prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony**." *Id.* at 379.
>
> In distinguishing proper lay testimony from expert testimony, the Sixth Circuit has specified that "lay testimony results from a process of reasoning familiar in everyday life, **whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field**." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007). See also *Heritage Mut. Ins. Co. v. Reck*, 127 F. App'x 194, 199 (6th Cir. 2005) ("[A] person may testify as a lay witness ... **if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person.")**

*Weber* at pp. \*21-22 (emphasis added).

In *Weber*, and similar to what the Plaintiffs are seeking to do with Lt. Allen in this case, the defendant sought to introduce testimony from various witnesses who it claimed had "significant personal knowledge of, and experience with, the [] tools at issue." *Id.* at p. \*20. The defendant argued that those lay witnesses should be permitted to offer opinion testimony because "their opinions are based on the witnesses' substantial personal knowledge of the relevant facts and they will assist the jury in determining the facts." *Id.*

In response, the plaintiff argued that "because the work experiences of [the] proffered lay witnesses involve engineering, metallurgy, automotive production, automotive tool repair and other specialized experience, their reasoning regarding the types of causation, quality and industry standards necessarily results from a process of reasoning which can be mastered only by specialists in those fields and could not be reached by an ordinary person." *Id.* at pp. \*20-21.

Before rendering its decision, the Court examined how the courts within the Sixth Circuit have addressed similar situations where lay opinion testimony regarding specialized knowledge was

6

being offered. The Court noted that the courts within this Circuit have been consistent in precluding

such testimony, explaining:

> For example, in *City of Owensboro v. Kentucky Utilities Co*., 2008 U.S. Dist. LEXIS 81945, 2008 WL 4642262 (W.D. Ky. Oct. 14, 2008), the defendant utility company sought to call its own employees to testify regarding the cause of certain power outages and "derates" at a certain generating station, and to testify that the station was in good and workmanlike order and in accordance with industry standards. None of the employees had been disclosed as experts. **Defendant argued that the witnesses' testimony was factual because it was based on the employees' "personal observations, perceptions and experiences ... in the course of their employment**." 2008 U.S. Dist. LEXIS 81945, 2008 WL 4642262 at \*1. The court, however, held that the testimony did not constitute proper lay opinion under Rule 701, explaining:

>> If [defendant's] employees were to testify as to what they believed to be the cause of the outages and derates at ESGS and as to the industry standard, **such testimony would require them to use "a process of reasoning which can be mastered only by specialists in the field**." **The cause of an outage at a coal-fired plant cannot be determined with a process of reasoning familiar in everyday life**. Similarly, the industry standard for coal-fired power plants is only known to those that are specialists in the field. **[Defendant] argues that its employees would be testifying as lay witnesses because their opinions would be based on their "experience in the course of their employment duties." This however is one of the reasons why their testimony would be considered improper lay testimony**. Similarly, using EFOR data to form an opinion as to whether OMU operated and maintained ESGS according to industry standards requires specialized knowledge within the scope of Rule 702. 2008 U.S. Dist. LEXIS 81945, 2008 WL 4642262 at \*2 (citations omitted).

> The court similarly precluded such lay testimony in *Mills v. Riggsbee*, 2014 U.S. Dist. LEXIS 37138, 2014 WL 1168726 (E.D. Ky. Mar. 21, 2014). In that case, a firefighter was injured during a sales demonstration for a firehose monitor when the hose came loose from the pumper truck and knocked him over. He claimed that the reason the hose came loose was because of a pressure build-up condition known as "water hammer," and that it was precipitated by the actions of Defendant Riggsbee who was conducting the demonstration. Mills sought to testify and to call his

7

fellow firefighters who observed the incident to testify about water hammer and the cause of the demonstration mishap. However, Mills had not properly disclosed any of them as expert witnesses. **He claimed that their testimony would constitute lay opinion because the firefighters would be testifying "based upon their everyday experience as firemen concerning their knowledge of water hammer and applying this knowledge their own personal observations**." 2014 U.S. Dist. LEXIS 37138, 2014 WL 1168726 at *6.

The court rejected plaintiff's argument:

> **[I]t simply cannot be said that the conclusion that water hammer occurred is a result from a process of reasoning familiar in everyday life**. "Water hammer" simply is not a concept that is common in everyday life. **Indeed, it is doubtful that individuals without firefighting training or expansive experience with water hoses would be at all familiar with the concept**. To the extent that any of these proposed witnesses concluded that water hammer occurred and that this water hammer caused the hose to come loose, **this conclusion could have only been the result of their experience as firefighters. This is precisely the type of opinion testimony that is precluded by Rule 701**. Accordingly, although these witnesses may testify as to the facts that each of them observed on the day of the accident, they **may not offer their opinions** as to whether water hammer occurred or as to whether water hammer caused the hose to separate from the fire truck. To permit otherwise would allow Plaintiffs to circumvent the requirements of the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Id.

In *Frausto v. Cooper Tire & Rubber Co.,* 2014 U.S. Dist. LEXIS 95973, 2014 WL 3496767 (M.D. Tenn. July 10, 2014), the plaintiff sought to call a former employee of the defendant tire company who had worked in its manufacturing and design department, claiming the proposed witness was only a fact witness and would offer only lay opinion. The former employee was asked to review documents that had been produced to defendant, to define technical terms within those documents, and asked whether he agreed with statements read to him from various other documents that had been produced in discovery. **The court found that the witness was being called to testify based on "scientific, technical, or other specialized knowledge." 2014 U.S. Dist. LEXIS 95973, [WL] at *3. Therefore, the court held that the testimony was not lay**

8

> **opinion, even though that scientific, technical or other specialized knowledge was developed in his career with the defendant**. Id.

*Weber* at pp. \*22-26 (emphasis added).

Because the plaintiff in *Weber* sought a blanket ruling from the Court that all of the defendant's proposed lay opinion testimony be excluded, the motion was denied without prejudice; the Court ruling that it would have to decide the issue on a witness by witness basis. However, the Court did note that, "[F]rom the representations of counsel in their briefs and in the pretrial/settlement conference, it appears that much of the testimony [defendant] seeks to proffer as lay opinion in this case as to what caused or did not cause [defendant] to experience problems with the [plaintiff's] tools, including opinions as to whether the [the Plaintiff's] tools breached express or implied warranties to [defendant], 'failed,' or were generally 'defective,' **would be improper lay opinion**." *Id*. at p. \* 26 (emphasis added).

Unlike the speculative nature of the testimony sought to be precluded in *Weber*, the testimony the Plaintiffs intend to elicit from Lt. Allen is clear; they intend to have him provide his opinion as to the cause of the April 15, 2014 fire at the Brady Street property, and specifically, his opinion that the fire appeared to be caused by an electrical event.

However, knowing what caused a fire to occur does not result from a process of reasoning familiar in everyday life. In fact, there is specialized training, coursework and a written examination required in order to be a certified fire investigator (certifications both Messrs. Stayer and Trenkle have earned; See, for example, National Fire Protection Association, Certified Fire Inspector I (CFI), Certifications, *available at http://www.nfpa.org/training-and-events/by-type/certifications/certified-*

9

*fire-inspector-i* (**Exhibit "F"**).  No one without this (or similar) training or with significant experience with fires would know how to determine the cause of a fire.

In fact, Lt. Allen himself admitted he does not have the specialized training required to determine the cause of a fire (**Exhibit ""D"** at 10:20-11:19). He acknowledged that if an investigation into a cause of a fire needed to occur, he would request the trained and properly certified officer in the department respond and investigate to determine the cause of that fire. (**Id**. at 23:20-24:5).

Accordingly, and even assuming despite his testimony, that Lt. Allen had the requisite scientific, technical or other specialized knowledge and training to determine what caused a fire, such testimony would have to be in the form of an expert opinion, subject to the requirements of FRE 702. However, he would still not be permitted to provide that testimony in the form of lay witness opinion in this case, as his knowledge of what caused the April 15, 2014 fire did not result from a process of reasoning familiar in everyday life, but instead, is something he could have only obtained as the result of his experience as a firefighter, making his testimony precisely the type of opinion testimony that is precluded by Rule 701.

Therefore, as Lt. Allen's proposed opinion would require scientific, technical or other specialized knowledge, it is not proper lay opinion testimony and must be excluded, so as not to conflate expert and lay opinion testimony and confer an aura of expertise on him when he could not satisfy the reliability standard for expert testimony under the Federal Rules of Civil Procedure. See, *Weber, supra.* Similarly, all references in the fire incident report that the fire was caused by an electrical failure, and/or that there was no evidence of arson, must also be stricken as the author, Lt. Allen, cannot provide those opinions based on the authority set forth above.

**II.     Lt. Allen's Testimony Would be Needlessly Cumulative to the Testimony of the Plaintiffs' Properly Named Expert Witnesses.**

Even if Lt. Allen could provide opinion testimony, any opinion he provided that the cause of the fire appeared to be electrical would be cumulative to the testimony the Plaintiffs' two expert witnesses intend to provide. As explained by the United States District Court for the Western District of Kentucky in *Brooks v. Caterpillar Glob. Mining Am.*, LLC, 2016 U.S. Dist. LEXIS 6843, at *16 (W.D. Ky. Jan. 20, 2016)(opinion, which is offered as instructive, is attached as **Exhibit "F"**):

> It is within the power of the court to exclude testimony that is repetitious and cumulative of testimony already offered at trial." *Walker ex rel. his Court Appointed Curator v. United Healthcare of Hardin, Inc.*, 2010 U.S. Dist. LEXIS 79749, 2010 WL 3092648, *1 (W.D. Ky. Aug. 6, 2010)(citing *Tran v. Toyota Motor Corp.,* 420 F.3d 1310, 1315 (11th Cir. 2005)(noting that part of trial court's broad authority over trial management is the power to exclude cumulative testimony)). Specifically, like other testimony, expert testimony may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* (citing Fed. R. Evid. 403).

Here, both of the Plaintiffs' experts will testify that an electrical event could have caused the fire at the Brady Street property (neither of them can testify that an electrical failure was the cause as the physical evidence does not support it; another reason why Lt. Allen's opinion as to the cause of the fire is incorrect). Therefore, any opinion that electricity possibly caused the fire from Lt. Allen would be needlessly cumulative to the testimony Messrs. Trenkle and Mathews intend to provide.

Accordingly, and in addition to the testimony being excluded pursuant to FRE 701(c), the cumulative nature of the evidence also requires it to be excluded under FRE 403.

## **RELIEF REQUESTED**

Based upon the foregoing argument and analysis, the Defendant, State Farm Fire and Casualty Company, respectfully requests this Honorable Court enter an Order precluding Lieutenant Scott Allen from offering any opinion testimony as to the origin and cause of the fire, and striking all references from the fire incident report that the fire was electrical in nature and/or that arson was not suspected.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
27777 Franklin Road, Suite 1400
Southfield, Michigan 48034
(248) 356-8590
cberlin@pjmpc.com
Date: August 29, 2016                                    P64122

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO POWELL and
LASHONDA POWELL,

        Plaintiffs,

v

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

Case No. 2:15-cv-13342
Hon. David M. Lawson

Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **JOSEPH MILANOWSKI (P47335)** | **CARY R. BERLIN (P64122)** |
| **AMY L. DIVINEY (P77164)** | **PAUL H. JOHNSON, JR. (P26871)** |
| **MELAMED, DAILEY, LEVITT &** | **PATRICK, JOHNSON & MOTT, P.C.** |
| **MILANOWSKI, P.C.** | Attorneys for Defendant |
| Attorneys for Plaintiffs | 27777 Franklin Road, Suite 1400 |
| 26611 Woodward Avenue | Southfield, Michigan 48034 |
| Huntington Woods, Michigan 48070 | (248) 356-8590 |
| (248) 591-5000 | cberlin@pjmpc.com |
| joemilanowski@mdlm-pc.com | |

## PROOF OF SERVICE

    I hereby certify that on August 29, 2016, my legal assistant, Kimberly Bankeroff, electronically filed the foregoing papers and this Proof of Service with the Clerk of the court using the ECF system which will send notification of such filing to the attorneys of record.

                    *s/ Cary R. Berlin*
                    PATRICK JOHNSON & MOTT
                    27777 Franklin Road, Suite 1400
                    Southfield, Michigan 48034
                    248-356-8590
                    cberlin@pjmpc.com
                    P64122